1

```
                       UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF NEW YORK
            - - - - - - - - - - - - - - - X
              UNITED STATES OF AMERICA,    :   14-CR-00625(DLI)
                                           :
                                           :
                                           :   United States Courthouse
                  -against-                :   Brooklyn, New York
                                           :
                                           :
                                           :   May 5, 2022
                                           :   3:00 p.m.
              DARIO ANTONIO                :
              USUGA-DAVID,                 :
                                           :
                       Defendant.
            - - - - - - - - - - - - - - - X

              TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
                   BEFORE THE HONORABLE VERA M. SCANLON
                UNITED STATES MAGISTRATE DISTRICT JUDGE


                          A P P E A R A N C E S:

  For the Government:        BREON PEACE, ESQ.
                             Acting United States Attorney
                             Eastern District of New York
                             271 Cadman Plaza East
                             Brooklyn, New York 11201

                        BY:  GILLIAN KASSNER, ESQ.
                             TARA McGRATH, ESQ.
                             Assistant United States Attorneys

  For the Defendant:         ARTURO V. HERNANDEZ, P.A.
                             40 N.W. 3rd Street
                             Suite 200
                             Miami, Florida 33128

                        BY:  ARTURO HERNANDEZ, ESQ.

  Court Reporter:            DENISE PARISI, RPR, CRR
                             225 Cadman Plaza East
                             Brooklyn, New York 11201
                             Telephone: (718) 613-2605
                             E-mail: DeniseParisi72@gmail.com

  Proceedings recorded by computerized stenography.  Transcript
  produced by Computer-aided Transcription.
```

1              (In open court.)

2              THE COURTROOM DEPUTY:  Criminal cause for
3    arraignment, case number 14-CR-625, USA versus Dario Antonio
4    Usuga-David.

5              Counsel, please state your appearances for the
6    record starting with the Government.

7              MS. KASSNER:  Good afternoon, Your Honor.
8              Gillian Kassner for the United States.  I'm joined
9    by Assistant United States Attorney Tara McGrath and Paralegal
10   Specialist Sophia Cronin.

11             THE COURT:  Good afternoon.

12             MR. ARTURO:  Good afternoon, Your Honor.
13             Arturo Hernandez on behalf of the defendant, who is
14   present with the aid of the interpreter.

15             THE COURT:  Good afternoon.

16             MR. ARTURO:  I'm sorry?

17             THE COURT:  Good afternoon.

18             Krista, do you want to get the Spanish interpreter's
19   appearance.

20             THE INTERPRETER:  Good afternoon, Your Honor.
21             Maristela Verastegui, Spanish interpreter,
22   previously sworn.

23             THE COURT:  Good afternoon.
24             I'm Judge Scanlon.  So we're here for the
25   arraignment on the superseding indictment.

*Proceedings* 3

1    Before we go into the substance, let me just make
2 sure that counsel has the same paperwork that I have.
3    I have the Government's detention memo with the
4 attachments; a copy of the superseding indictment that was
5 filed on November 4th, 2021; the Pretrial Services Report --
6 and we're not up to it yet, but I understand there's going to
7 be an OED application.
8    Do you have the paperwork?
9    MR. ARTURO:  I do indeed, Your Honor.  It has not
10 been signed by the defendant.  I did explain it to him, but it
11 was difficult because of where he was situated for him to sign
12 it, but he does understand it and is in agreement with it.
13    THE COURT:  Okay.
14    MR. ARTURO:  And I'm in agreement with it.
15    THE COURT:  We'll go through it in a couple minutes,
16 but do you want to take a moment with the interpreter and
17 review it if he's going to sign it, and then we'll go through
18 the substance of the proceeding.
19    You will hear a white noise in the background.  Let
20 us know when you're ready.
21    (Pause.)
22    MR. ARTURO:  Your Honor, he has signed it.
23    May I approach?
24    THE COURT:  If you don't mind, just hand it to my
25 deputy.

*Proceedings* 4

1  All right.  The Government, did you sign it before?
2  MS. KASSNER:  Yes, it's signed, Your Honor.
3  THE COURT:  Thanks.
4  So just to make sure, defense counsel, you have the
5  paperwork that I mentioned -- the Pretrial Services Report,
6  the Government's detention memo, and the superseding
7  indictment from November 21st -- is that correct?
8  MR. ARTURO:  I have everything but the Pretrial
9  Services Report because I communicated with the Pretrial
10 Services' office and said that I waive the interview, so I
11 have not seen that document.
12 THE COURT:  All right.  Why don't we --
13 THE CLERK:  I believe it was emailed, but I do have
14 paper copies.  I have extra copies.
15 THE COURT:  Why don't we give you a copy, defense
16 counsel.  You can take a moment and go over it with your
17 client.
18 MS. KASSNER:  Your Honor, the Government also does
19 not -- oh, thank you, Your Honor.
20 THE COURT:  Why don't you both take some time,
21 review it, and then when you're ready to proceed, let us know.
22 We'll put on the white noise in the background.
23 Thanks.
24 (Pause.)
25 MR. ARTURO:  Your Honor, I have reviewed it with

*Proceedings* 5

1  him, it's obviously very brief, and -- so I'm well apprised.
2      THE COURT: All right. Thank you.
3      And the Government?
4      MS. KASSNER: The Government is ready to proceed,
5  Your Honor.
6      THE COURT: All right. So for Mr. Usuga-David, I'm
7  Magistrate Judge Scanlon. We're going to cover several topics
8  today. I'm going to start with giving you notice of your
9  rights.
10     First, you have the right to remain silent. That
11 means you don't need to say anything. Anything you do say,
12 except to your lawyer, may be used against you.
13     Second, you have the right to be represented by an
14 attorney. If you can't afford an attorney, one will be
15 appointed to represent you by the Court.
16     So, counsel, are you retained?
17     MR. ARTURO: Yes. I am his permanent attorney, Your
18 Honor.
19     THE COURT: Okay.
20     All right. So, Mr. Usuga-David, you will be
21 represented here by Mr. Hernandez.
22     So in your case there is a document called the
23 superseding indictment. I understand this is the fourth
24 superseding indictment.
25     So in this document, the grand jury sets forth

*Proceedings* 6

1 numerous charges against the defendant.

2          Let me ask defense counsel, has your client reviewed
3 this document?  I will just point out that the Court's copy is
4 in English, and obviously we're doing this through Spanish.

5          MR. ARTURO:  Yes.  Thank you again.  Yes, he has
6 reviewed it with me, Your Honor.

7          THE COURT:  Do you believe he understands the
8 document?

9          MR. ARTURO:  He's had a chance to see the document,
10 yes.

11          THE COURT:  Do you believe he understands it, or do
12 you need more time to review it with him?

13          MR. ARTURO:  My sense is -- I'm no Spanish
14 speaker -- that he does understand it, but if you would like
15 the colloquy, I would I have no objection.

16          THE COURT:  All right.

17          So for Mr. Usuga-David, in this case, there is a
18 document called a superseding indictment.  It's my
19 understanding this is the fourth superseding indictment.  In
20 this document, the grand jury sets forth numerous charges
21 against you.

22          Let me just clarify the record.  Although this has
23 numerous charges, there are certain charges that were not the
24 basis for the extradition; is that correct?

25          MR. ARTURO:  That is correct, Your Honor.

*Proceedings* 7

1         THE COURT:  I'm going to ask the Government.

2         And what's the Government's intention with regard to

3 those charges?

4         MS. KASSNER:  Your Honor, there are -- I believe

5 Count One violation -- I believe it's 45 -- and Count Three

6 were both excluded from the order that permitted -- the

7 extradition order in this case.  As of this time, the

8 Government is not proceeding with those specific charges and

9 counts.

10         THE COURT:  Okay.

11         All right.  So for the defendant, this document is

12 in English, so was the superseding indictment read to you in

13 Spanish?

14         MR. ARTURO:  It was read from the English to

15 Spanish, Your Honor, yes.

16         THE COURT:  Okay.  So this is the colloquy with your

17 client, if you don't mind.

18         MR. ARTURO:  I do not.

19         THE COURT:  All right.

20         So for the defendant, was the document -- the

21 superseding indictment -- read to you in Spanish?

22         THE DEFENDANT:  Yes.  Yes, Your Honor.

23         THE COURT:  And do you understand the document?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  And did you have an opportunity to

1  review the document with your attorney for the purposes of
2  today's proceeding?
3              THE DEFENDANT:  Yes, Your Honor.
4              THE COURT:  Okay.
5              Counsel, do you want me to read the superseding
6  indictment aloud?
7              MR. ARTURO:  We would waive a formal reading, Your
8  Honor.
9              THE COURT:  And for the defendant, did you have an
10 adequate opportunity to review with your attorney your rights
11 in today's proceeding?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Okay.  All right.  Defense counsel, did
14 you review with your client the superseding indictment?
15             MR. ARTURO:  I did, indeed, Your Honor.
16             THE COURT:  And did you explain to him his rights in
17 today's proceeding?
18             MR. ARTURO:  Yes, I did, Your Honor.
19             THE COURT:  And do you believe he understands those
20 rights?
21             MR. ARTURO:  Yes.
22             THE COURT:  Would you like to enter a plea at this
23 time?
24             MR. ARTURO:  Yes, Your Honor.  We would enter a plea
25 of not guilty to the indictment.  We would request that the

*Proceedings* 9

1  Court, pursuant to Rule 16, enter an order requesting
2  discovery, and we would demand trial by jury.
3             THE COURT: Okay. Those issues will be addressed by
4  the district judge in your upcoming conference with her.
5             So I understand that you have an upcoming conference
6  with the assigned district judge, Judge Irizarry, on June 2nd
7  at noon?
8             MR. ARTURO: That's the date that was discussed.
9  I'm not sure that is a firm date. I just learned about it
10 today. Could the Court tentatively set it for June the 2nd,
11 and I would confer with chambers and let them know whether or
12 not that date actually is a good date for me?
13            THE COURT: All right. So the current status,
14 that's what Judge Irizarry has put on the calendar. That's
15 the only information I have, so if you need to change it or
16 adjust the time, you should reach out to Judge Irizarry's
17 chambers.
18            MR. ARTURO: Right. It should not be a problem to
19 set it on June the 2nd. I just learned of the date today, and
20 I would like to have an opportunity to see if in my calendar
21 there is a conflict, but I don't believe there is.
22            THE COURT: All right. So is there an application
23 for an order of excludable delay?
24            MS. KASSNER: Yes, Your Honor, there is. It's been
25 signed by both of the parties. The basis is that the case is

*Proceedings* 10

1   complex under 18 U.S.C. 3161.  I believe the parties are in
2   agreement that this is a complex case, but I just want to put
3   the reasons on the record.
4           The charges here span almost two decades.  The
5   discovery we expect will be voluminous and include a variety
6   of different kinds of records, including seizure records,
7   recordings, intercepted communications, drug ledgers, and
8   other documents.  We also expect that discovery may include
9   classified information, which would likely result in
10  litigation under the Classified Information Procedures Act.
11  We also believe an order of excludable delay is in the
12  interest of justice to permit the parties to exchange
13  discovery and acquire any necessary protective orders to
14  protect witness and/or victim information.
15          THE COURT:  All right.
16          Defense counsel?
17          MR. ARTURO:  Your Honor, we do not contest the
18  request for complexity.
19          THE COURT:  Okay.
20          All right.  So for the defendant, let me briefly
21  explain this application, which I understand that your
22  attorney also had the opportunity to review.
23          Under the Constitution and laws of the United
24  States, you're entitled to a speedy and public trial by a
25  jury.  That trial should start within 70 days of the

Proceedings                                                        11

1    indictment or of your first appearance.  In calculating the
2    70-day period, there can be periods of what we call excludable
3    delay -- time that doesn't count towards the calculation of
4    the 70-day period.  If the Government were to fail to bring
5    you to trial within the 70-day time period not including those
6    periods of excludable delay, that could be the basis upon
7    which you could bring a motion to dismiss the case against
8    you.
9              What's being proposed here is that time from today,
10   which is May 5th, 2022, through June 2nd, 2022, which is your
11   first appearance that's scheduled with the trial judge, that
12   that time not count towards the calculation of the 70-day
13   period.  As the Government said, the proposed reason for the
14   exclusion of that time is because of the complexity of the
15   case, including the volume and type of discovery or material
16   that will be produced by the Government to the defense in
17   connection with the case.
18             If you agree to this application and the entry of an
19   order of excludable delay, you are waiving your right to make
20   the claim that you were not brought to trial within the 70-day
21   period that includes the time from today, the 5th of May,
22   through June 2nd, 2022.
23             So for the defendant, do you understand this
24   application?
25             (Pause.)

1   THE COURT:  Do you need an opportunity to discuss
2 it?
3   All right.  We are going to put on that white noise.
4   (Pause.)
5   MR. ARTURO:  Okay.  We can proceed, Your Honor.
6   THE COURT:  All right.  So for the defendant, do you
7 understand the application?
8   THE DEFENDANT:  Yes, I understand, Your Honor.
9   THE COURT:  Did you have an adequate opportunity to
10 review the application with your attorney?
11   THE DEFENDANT:  Yes.  Yes, Your Honor.
12   THE COURT:  Did you review it with your attorney?
13   THE DEFENDANT:  Yes.  Yes, I did, Your Honor.
14   THE COURT:  All right.  Has anyone made any promises
15 or threats to you to induce you to agree to the entry of an
16 order of excludable delay?
17   THE DEFENDANT:  No.  No, Your Honor.
18   THE COURT:  And do you consent to the application?
19   THE DEFENDANT:  Yes, Your Honor.
20   THE COURT:  All right.  In connection with your
21 application -- I have a paper copy of the application -- the
22 application is in English.  Was this form read to you in
23 Spanish?
24   THE DEFENDANT:  Yes.  They did explain.
25   THE COURT:  All right.  And do you understand the

*Proceedings* 13

1  written form?
2          THE DEFENDANT:  Yes.  The form that I just signed,
3  it was explained to me.
4          THE COURT:  All right.  And did you sign the form?
5          THE DEFENDANT:  Yes, I just signed it.
6          THE COURT:  All right.  And for defense counsel, did
7  you sign the form?
8          MR. ARTURO:  Yes, I did, Your Honor.
9          THE COURT:  And for the Government?
10         MS. KASSNER:  Yes, Your Honor.
11         THE COURT:  Okay.
12         All right.  Based on what's been said here today by
13 the attorneys and by the defendant, I believe the defendant
14 understands the application; that he's acting knowingly and
15 intentionally with regard to agreeing to the application; and
16 that the exclusion of time from today, May 5th, through
17 June 2nd, 2022, is in the defendant's interest, the public's
18 interest, and in the interest of justice for the reasons
19 stated on the record by the Government's attorney.
20         All right.  So that application is granted.
21         All right.  Let me give the Government a 5(f)
22 notice.
23         So just for the defendant's information, this is a
24 notice to the Government about its obligations to provide
25 information to the defense about the case.  Pursuant to

*Proceedings* 14

1  Federal Rule of Criminal Procedure 5(f) and the Due Process
2  Clause, as interpreted by *Brady versus Maryland* and its
3  progeny, the Government must disclose to the defense all
4  information favorable to an accused that is material either to
5  guilt or to punishment and that is known to the Government.
6  This obligation applies regardless of whether the defendant
7  requests this information or whether the information itself
8  would constitute admissible evidence.
9            The Government shall disclose such information to
10 the defense promptly after its existence becomes known to the
11 Government so that the defense may make effective use of the
12 information in preparation of its case.
13           Should the Government fail to comply with its
14 obligations, there may be serious consequences for the case,
15 including its possible dismissal, and there may be serious
16 consequences for the attorneys who fail to comply with their
17 obligations.
18           For the Government, does the Government understand
19 its Rule 5(f) and *Brady* obligations?
20           MS. KASSNER:  Yes, Your Honor.
21           THE COURT:  And does the Government confirm that it
22 will comply with those obligations?
23           MS. KASSNER:  Yes, Your Honor.
24           THE COURT:  And the Court will enter a more
25 extensive order with regard to Rule 5(f) after today's

Denise Parisi, RPR, CRR
Official Court Reporter

1  proceedings.
2       Will the Government confirm that it will read and
3  comply with that order?
4       MS. KASSNER:  Yes, Your Honor.
5       THE COURT:  All right.  Let's cover some
6  administrative issues.
7       I understand the defendant was extradited here, but
8  is there any issue with regard to consular notification?
9       MS. KASSNER:  Your Honor, the Government has
10 notified the consulate in Colombia.
11      MR. ARTURO:  None from the defense, Your Honor.
12      THE COURT:  Is there any issue with regard to any
13 inventory?  I know he was transferred in custody, but --
14      MS. KASSNER:  The Government hasn't been alerted of
15 any issues, but if any arise, we will work to resolve them,
16 Your Honor.
17      THE COURT:  Is there a bail application?
18      MR. ARTURO:  Your Honor, I've discussed the matter
19 of bail with Mr. Usuga, and we're prepared not to contest the
20 Government's request for detention before trial.
21      THE COURT:  All right.  For the Government?
22      MS. KASSNER:  Yes, Your Honor.  The Government is
23 seeking a permanent order of detention in this case and has
24 filed a detailed detention memorandum setting out the basis
25 for that application.  I'm not going to reiterate things in

1  that memorandum, especially because it appears there's an
2  agreement, but I do want to bring a few facts that I think are
3  particularly important to Your Honor's attention.
4             This is a presumption case.
5             For the past decade, the defendant has been the
6  supreme leader of the Clan de Golfo, one of the largest, most
7  violent, and most powerful drug trafficking and paramilitary
8  organizations in the world.
9             The danger the defendant poses cannot be overstated.
10 Until his capture this past October, the defendant had a
11 veritable army of thousands of men at his disposal, and he
12 employed that army to terrorize and subjugate people in
13 Colombia who lived in the valuable drug trafficking regions
14 under his control.
15            For years, he treated human lives like they were
16 expendable, just another commodity that he and the Clan de
17 Golfo controlled.  Assassinations, torture, armed strikes,
18 assaults, extortion -- the violence he has inflicted on rival
19 drug traffickers, law enforcement authorities, and civilians
20 alike -- knows no bounds.  And the multi-ton shipments of
21 cocaine that the defendant exported, some of which later
22 reached communities like ours in the United States, have
23 brought with them ripples of violence and death.
24            I will also note that the defendant is an obvious
25 flight risk.  It took over five years for Colombian

1  authorities to penetrate his power base and locate him at a
2  safe house in the jungle of Colombia. He's made it his
3  business to evade capture. His release would all but
4  guarantee his flight and a return to crime and destruction.
5        Thank you, Your Honor.
6        THE COURT: Thank you.
7        Defense?
8        MR. ARTURO: Yes. Thank you very much.
9        While we do not contest the request for pretrial
10 detention, we certainly don't agree with this statement of the
11 prosecutor regarding their evaluation of the facts in the
12 case, and I want that to be made part of the record. We are
13 not contesting pretrial detention, but we certainly don't
14 agree with that summation.
15        THE COURT: All right. Thank you.
16        I'm going to enter an order of detention pending
17 trial based on the Government's proffer set forth here in
18 court and in the Government's detention memo. Briefly, it is
19 a presumption case. The defendant does not undertake to rebut
20 that presumption, given the nature of the offenses charged,
21 which are very serious and involve violence and significant
22 drug activity. The defendant has no known connections to the
23 United States; he's a citizen of Colombia and has lifelong
24 ties to Colombia. The allegations against him, as I noted,
25 are serious and involve significant violence alleging, in

*Proceedings*                                                              18

1   particular, that defendant is the leader of a cartel and, in
2   exerting that leadership, has directed significant violent
3   activity and significant drug activity.  So for those reasons,
4   the defendant poses a significant risk of nonappearance and a
5   risk of danger, so under these circumstances, the order of
6   detention pending trial is entered.  There's leave to reopen
7   and present a bail package if circumstances change in the
8   future.
9               All right.  The defendant is going to be held in
10  custody.  Are there any medical issues that need attention?
11              MR. ARTURO:  I'm unaware of any, Your Honor, but I
12  will certainly communicate with the Court in the event that
13  one comes to my attention.
14              THE COURT:  Do you want an opportunity to speak with
15  your client about this now?
16              MR. ARTURO:  Yes.
17              THE COURT:  All right.  You will just hear that
18  white noise again.
19              (Pause.)
20              MR. ARTURO:  Thank you.
21              THE COURT:  Any medical issues?
22              MR. ARTURO:  Thank you for the opportunity.
23              He does have a regimen of medications that came with
24  him from Colombia, and what he informs me is that he takes
25  medications for blood pressure and cholesterol and issues

1  having to do with his colon.  They do not strike me as being
2  abnormal, or certainly within normal limits, so I -- since the
3  Court has asked, that would be my only concern, that he
4  receive his medication, but his information to me is that the
5  marshals and the others involved in his transportation allowed
6  him to keep his medications.
7              THE COURT:  The marshals, do you have a list of the
8  medications that he's taking?
9              THE MARSHAL:  There was a list generated that we
10 received, and it's being looked over.
11             THE COURT:  All right.  Can you send it to my
12 deputy, and then we'll put in a medical memo asking that there
13 be an evaluation for the underlying medical conditions and
14 whether those medications should continue to be administered
15 to the defendant?
16             THE MARSHAL:  Yes, ma'am.
17             THE COURT:  All right.
18             Any other issues that should be put on the record
19 here today?
20             MS. KASSNER:  Not from the Government, Your Honor.
21 Thank you.
22             MR. ARTURO:  Not at all.  Thank you, Your Honor.
23             THE COURT:  All right.  Thank you very much.
24             (Matter concluded.)
25